John E. Murray, Esq. County Attorney, Broome County
Your Assistant County Attorney Alfred Paniccia, Jr. has asked whether a dog control officer has the status and powers of a peace officer.
Section 2 of chapter 843 of the Laws of 1980 added section 2.10 to the Criminal Procedure Law. This section establishes a comprehensive list of those persons possessing the status and powers of peace officers. Chapter 843 resulted from a study by the State Law Revision Commission (Bill Jacket) and represents in section 2.10 a determination by the Legislature of those persons who are to have peace officer status and powers. The beginning language of section 2.10 is a clear statement of legislative intent that the list of peace officers is exclusive and comprehensive: "Notwithstanding the provisions of any general, special, or local law or charter to the contrary, only the following persons shall have the powers of, and shall be peace officers: * * *".
Prior to chapter 843, dog control officers had "all the powers of a peace officer in enforcing" the provisions of Article 7 of the Agriculture and Markets Law (former section 114 [4] of that law). Section 112 of chapter 843 amended this section. The amendment deleted the authorization for dog control officers to have the powers of peace officers, and substituted "the power to issue an appearance ticket pursuant to section150.20 of the criminal procedure law, to serve a summons and to serve and execute any other order or process in the execution" of the provisions of Article 7 of the Agriculture and Markets Law (current section 114 [4]). Dog control officers are not included in the comprehensive list of peace officers in section 2.10 of the Criminal Procedure Law. We conclude that they do not have the status or powers of peace officers.
We note that a dog control officer, a peace officer when acting pursuantto his special duties, or a police officer authorized by a municipality to enforce dog control may serve any process in accordance with the provisions of the Agriculture and Markets Law or any local law or ordinance promulgated thereunder (section 114 [4] as amended by section 112 of chapter 843). Dog control officers, peace officers when acting pursuant to their special duties or police officers are authorized to perform specific functions in relation to dog control (Agriculture and Markets Law, §§ 114[5], 118[1] and [2], 121 [4], 122 [3] and [4], 123 [3], 124 [2] [c] — all as amended by sections 112-117 of chapter 843 of the Laws of 1980). A peace officer acts pursuant to his special duties "when he performs the duties of his office, pursuant to the specialized nature of his particular employment, whereby he is required or authorized to enforce any general, special or local law or charter, rule, regulation, judgment or order" (Criminal Procedure Law, §2.20). If a peace officer listed in section 2.10 of the Criminal Procedure Law has the duty under the specialized nature of his employment to enforce dog control, he may exercise his peace officer powers in enforcing the provisions of Article 7 of the Agriculture and Markets Law. The powers of peace officers are set forth in section2.20 of the Criminal Procedure Law.
We conclude that a dog control officer does not have the status or powers of a peace officer. A peace officer listed in section 2.10 of the Criminal Procedure Law and having the duty to enforce dog control, may exercise his peace officer powers to enforce the provisions of Article 7 of the Agriculture and Markets Law.